David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYNE MAHNKE, indvidually and on behalf of all and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*, AND NEVADA LAW** |
| v. | |
| CAPITAL ONE, N.A., | |
| Defendant. | **CLASS ACTION** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, WAYNE MAHNKE, indvidually and on behalf of all and others similarly situated, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action is also brought under Nevada common law for invasion of privacy as described herein.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6. The Plaintiff, WAYNE MAHNKE ("Plaintiff" or "Mr. Mahnke"), is an adult individual residing in Clark County, Nevada.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39), a "person" for purposes of NRS 598.0918, and a "person who is a victim of

2

consumer fraud" for purposes of NRS 41.600.

8. Defendant CAPITAL ONE, N.A. ("Capital One"), is a corporation which does business in the State of Nevada.

9. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

10. Capital One at all times acted by and through one or more of its agents or representatives.

## STATUTORY BACKGROUND

*The Telephone Consumer Protection Act of 1991 and Nevada Common Law*

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

15. On September 20, 2018, in *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS: "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number

generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)[.]"[1]  The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

16.  Defendant's contact of Plaintiff also constituted an intentional intrusion, physically or otherwise, upon Plaintiff's solitude by engaging in harassing phone calls, despite the fact Plaintiff had requested that Capital One stop calling him.  Such conduct would be seen as highly offensive to a reasonable person, and invaded Plaintiff's privacy.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

17.  On October 24, 2019, Plaintiff requested that Capital One stop calling him due to the fact he would be filing bankruptcy, and thus revoked any consent he had previously provided to Capital One to call him.  However, beginning on November 7, 2019, Plaintiff received multiple calls from the Capital One from the following cellular phone number: (800) 955-6600.  On information and belief, Capital One contacted Plaintiff in an account that he had with Capital One, despite the fact that Plaintiff had previously advised the entity to stop calling him.

18.  Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1) to transmit its phone calls to Plaintiff.  For example, Capital One has settled lawsuits brought under the TCPA previously

---

[1] 904 F.3d 1041, 1052-53 (9th Cir. 2018).  Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.*

4

for calls made to attempt to collect on credit card debts.[2] Similar TCPA lawsuits have been filed against Capital One.[3] Therefore, Capital One routinely uses an ATDS in its business.

19. Upon information and belief, Capital One conducted dialing campaigns using its ATDS to the Plaintiff's cell phone and those similarly situated.

20. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

21. Predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

22. Upon information and belief, Capital One placed calls to the Plaintiff and the class members cellular phones using an ATDS without consent to place to such calls.

23. As a result, Defendant's calls violated the TCPA.

24. Defendant's ATDS has the capacity to store telephone numbers for which phone calls would be sent, using a random or sequential number generator.

25. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Defendant's phone calls sent to Plaintiff's cellular telephone were not for "emergency purposes."

---

[2] *See* Margaret A. Dale, *Capital One to Pay Largest TCPA Settlement on Record*, Privacy Law Blog, Aug. 19, 2014, available at https://privacylaw.proskauer.com/2014/08/articles/tcpa-2/capital-one-to-pay-largest-tcpa-settlement-on-record/ (last visited Jan. 1, 2020).

[3] *See Wiseman v. Capital One Bank USA, N.A.*, No. 17-cv-199-AJB-KSC, ECF No. 1 (S.D. Cal. Feb. 1, 2017); *Pickett v. Capital One, N.A.*, No. 17-cv-260-GAP-GJK, ECF No. 1 (M.D. Fla. Feb. 13, 2017).

27. Pursuant to the TCPA, the burden is on Defendant to demonstrate that it had prior express consent (PEC) to send calls to Plaintiff's cellular phone with an ATDS.

28. The Plaintiff suffered actual harm and loss, since receiving and viewing each of the unwanted phone calls caused him to lose time. While small, this cost is real, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from the Defendant's unwanted calls to the Plaintiff's cell phone.

29. Plaintiff also suffered from an invasion of a legally protected interest by making calls to the Plaintiff's personal phone line when the Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

30. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890); *see also* Restatement (Second) of Torts § 652B. Congress sought to further protect that right by enacting the TCPA.

31. "[W]hen a person must endure the bother of unwanted calls in the privacy of his home, his harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

32. Plaintiff was also personally affected, since the Plaintiff felt that his privacy had been invaded when the Defendant placed phone calls to the Plaintiff's phone line without any consent to do so.

33. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy; its repeated placement of telephone calls to the Plaintiff's phone to solicit information the Plaintiff in a manner that would be considered annoying, abusive or harassing by a reasonable person.

34. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer actual damages, and has otherwise been totally annoyed by Defendant's intrusive, harassing, and illegal phone calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time.

## CLASS ACTION ALLEGATIONS – TCPA

35. Plaintiff brings this action on behalf of himself and Class Members of the proposed TCPA Class ("Class 1") pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

36. Plaintiff proposes to represent the following Class 1 consisting of and defined as follows:

> All persons within the United States who received any phone call from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system from the four-year period prior to the filing of this Complaint through the date of class certification without the prior express consent of the called person.

37. Capital One and its employees or agents are excluded from the Class 1. Plaintiff does not know the number of members in Class 1, but believes the Class 1 members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of Class 1 were harmed by the acts of Capital One in at least the following ways: Capital One, either directly or through its agents, illegally placed phone calls to Plaintiff and Class 1 members via their cellular telephones, and used an ATDS to complete such phone calls without consent of the called class members. This invading the privacy of said Plaintiff and the Class 1 members as discussed above. Plaintiff and the Class 1 members were damaged thereby.

//

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class 1 and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class 1 definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class 1 members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. Class 1 can be identified through Capital One's records or Capital One's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class 1 predominate over questions which may affect individual Class members, including the following:

   i. Whether, during the proposed class period, Capital One or its agent(s) placed any phone calls to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   ii. Whether Plaintiff and the Class 1 members were damaged thereby, and the extent of damages for such violation; and

   iii. Whether Capital One and its agents should be enjoined from engaging in such conduct in the future.

42. Plaintiff is asserting claims that are typical of Class 1. Plaintiff will fairly and adequately represent and protect the interests of Class 1 in that Plaintiff has no interests antagonistic to any member of Class 1.

43. Plaintiff and the members of Class 1 have all suffered irreparable harm as a result of the Capital One's unlawful and wrongful conduct. Absent a class action, Class 1 members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Capital One will likely continue such illegal conduct.

Because of the size of the individual Class member's claims, few, if any, Class 1 members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Capital One to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Capital One is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Capital One has acted on grounds generally applicable to Class 1, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to Class 1 as a whole.

### CLASS ACTION ALLEGATIONS – INTRUSION UPON SECLUSION

47. Plaintiff brings this action on behalf of herself and Class Members of the proposed intrusion-upon-seclusion Class ("Class 2") pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

48. Plaintiff proposes to represent the following Class 2 consisting of and defined as follows:

> All persons within the State of Nevada whom the Defendant dialed that person's telephone number on at least two occasions from December 5, 2017 through the date of class certification without the prior express consent of the called person.

49. Capital One and its employees or agents are excluded from the Class 2. Plaintiff does not know the number of members in Class 2, but believes the Class 2 members number in the several

9

hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

50.   Plaintiff and members of Class 2 were harmed by the acts of Capital One in at least the following ways: Capital One, either directly or through its agents, illegally placed phone calls to Plaintiff and Class 2 members. This invaded the privacy of said Plaintiff and the Class 2 members as discussed above. Plaintiff and the Class 2 members were damaged thereby.

51.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class 2 and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class 2 definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

52.   The joinder of the Class 2 members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. Class 2 can be identified through Capital One's records or Capital One's agents' records.

53.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class 2 predominate over questions which may affect individual Class members, including the following:

    iv.   Whether, during the proposed class period, Capital One or its agent(s) placed at least two calls to an individual in Nevada;

    v.   Whether Plaintiff and the Class 2 members were damaged thereby, and the extent of damages for such violation; and

    vi.   Whether Capital One and its agents should be enjoined from engaging in such conduct in the future.

54.   Plaintiff is asserting claims that are typical of Class 2. Plaintiff will fairly and adequately represent and protect the interests of Class 2 in that Plaintiff has no interests antagonistic to any member of Class 2.

55. Plaintiff and the members of Class 2 have all suffered irreparable harm as a result of the Capital One's unlawful and wrongful conduct. Absent a class action, Class 2 members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Capital One will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class 2 members could afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of consumer privacy.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Capital One to comply with state law. The interest of Class members in individually controlling the prosecution of separate claims against Capital One is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

58. Capital One has acted on grounds generally applicable to Class 2, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to Class 2 as a whole.

//

//

//

//

//

//

**COUNT I**
**Negligent Violations of the**
**Telephone Consumer Protection Act,**
**(47 U.S.C. § 227,** *et seq.***)**
**(Plaintiff and Class 1)**

59. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

60. Defendant negligently placed phone calls to a cellular number belonging to Plaintiffs without Plaintiffs' prior express consent using an ATDS.

61. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

62. As a result of Defendant's negligent violations of the TCPA, Plaintiff and Class 1 are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Additionally, Plaintiff and Class 1 are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**COUNT II**
**Knowing and/or Willful Violations of the**
**Telephone Consumer Protection Act,**
**(47 U.S.C. § 227,** *et seq.***)**
**(Plaintiff and Class 1)**

64. Plaintiffs repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

65. Defendant knowingly and/or willfully placed phone calls to cellular numbers belonging to Plaintiffs without Plaintiffs' prior express consent using an ATDS.

66. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

67. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and Class 1 are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Additionally, Plaintiff and Class 1 are entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III
### Intrusion Upon Seclusion
### (Plaintiff and Class 2)

69. Plaintiffs repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

70. Defendant intentionally placed phone calls to Plaintiffs repeatedly or continuously in a manner considered by a reasonable person to be annoying, abusive or harassing.

71. Each of the aforementioned calls by Defendant violated Plaintiff's right to privacy.

72. As a result of Defendant's violations of Nevada common law, Plaintiff and Class 2 are entitled to an award of damages, as well as an award of costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs seeks for herself and each Class member that judgment be entered against the Defendant awarding as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future (Class 1);

2. Statutory damages of $500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) (Class 1);

3. Treble damages of up to $1,500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C) (Class 1);

4. Damages the claimants have sustained (Class 2);

5. An award of attorney's fees and costs to counsel for Plaintiff (Classes 1-2); and

6. Such other relief as the Court deems just and proper (Classes 1-2).

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 1, 2020

                    Respectfully submitted,

                    By  /s/ David H. Krieger, Esq.
                    David H. Krieger, Esq.
                    KRIEGER LAW GROUP LLC
                    2850 W. Horizon Ridge Parkway
                    Suite 200
                    Henderson, Nevada 89052

                    Matthew I. Knepper, Esq.
                    Miles N. Clark, Esq.
                    KNEPPER & CLARK LLC
                    5510 S. Fort Apache Rd, Suite 30
                    Las Vegas, NV 89148-7700

                    Attorneys for Plaintiff